FILED
U.S DISTRICT COURT
NEW ALBANY DIVISION

10 JUL 26 AM 10:55

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MELANIE J. WAYT<br>WALTER G. WAYT<br><br>**Plaintiffs**<br><br>vs.<br><br>TOWN OF CROTHERSVILLE<br>101 West Howard St.<br>Crothersville, Ind. 47229<br><br>CROTHERSVILLE UTILITIES<br>101 West Howard St.<br>Crothersville, Ind. 47229<br><br>CROTHERSVILLE WATER<br>DEPT.<br>101 West Howard St.<br>Crothersville, Ind. 47229<br><br>AMOS PLASTER<br>115 N. Church St.<br>Austin, Ind. 47102<br>In his Individual Capacity<br><br>ALISA SWEAZY<br>101 West Howard St.<br>Crothersville, Ind. 47102<br>In her Individual Capacity<br><br>**Defendants** | Case No. 4:10-cv-0081 SEB-WGH<br><br>Judge _____<br><br>Magistrate Judge _____<br><br>CLASS ACTION COMPLAINT<br>AND JURY DEMAND |

Plaintiffs, for their complaint against the above-named Defendants, aver as follows:

## INTRODUCTION

This action seeks actual and punitive damages for Defendants' violations of Plaintiffs' rights under the due process clause of the Fourteenth Amendment to the United States Constitution, based upon Defendants' termination of Plaintiffs' residential water service without notice and a hearing; for Defendants' violation of the equal protection and due process clauses of the Fourteenth Amendment based upon Defendants' refusal to reconnect Plaintiffs' water service; and for Defendants' interference with Plaintiffs' possessory interest in real estate under Indiana law.

## JURISDICTION AND VENUE

1. Jurisdiction of the federal claims is proper under 28 U.S.C. §§ 1331 and 1343. The substantive federal claims are brought under 42 U.S.C. § 1983. Supplementa jurisdiction over the state claim is proper under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b), since the incidents giving rise to the causes of action alleged herein took place in this district and Defendants may be found in this District.

## PARTIES

2. Plaintiffs are residents of the town of Crothersville, Indiana, and are citizens of the United States.

3. Defendant Town of Crothersville is a government unit organized pursuant to the laws of the State of Indiana. Defendant Crothersville Utilities and Defendant Crothersville Water Department are entities associated with the providing of water to the residents of Crothersville. All three of these entities will be referred to herein as "Defendant Crothersville."

4. Defendant Alisa Sweazy is employed by Defendant Crothersville and, as part of her duties, carries out the policy of Defendant Crothersville with regard to termination and reconnection of water service.

5. Defendant Amos Plaster is a private citizen who, at all pertinent times was the record owner of property located at 412 West Howard Street in Crothersville.

## FACTS SPECIFIC TO PLAINTIFFS

6. In 2004, Plaintiffs entered into a real estate contract for the purchase of a residence at 412 West Howard Street; the seller of that property was Defendant Plaster.

7. Under the contract, Plaintiffs were required to pay utilities; they therefore established an account with Defendant Crothersville for the supplying of water to the property. The account was opened in the name of Plaintiff Melanie Wayt.

8. On or about October 29, 2008, Melanie Wayt failed to pay a water bill owed to Defendant Crothersville.

9. On or about October 30, 2008, Defendant Crothersville terminated her water service without a hearing.

10. Shortly thereafter Ms. Wayt applied for reconnection of her water service and paid all required fees for that reconnection. Defendant Crothersville then resumed water service to her residence at 412 Howard Street.

11. In March 2010, Melanie Wayt was out of town and did not receive her water bill.

12. Her father, who had been taking care of her affairs during this period, was seriously ill at the time and was unable to apprise her about this bill.

13. On or about March 30, 2010, the City terminated her water services without a hearing.

14. On July 2, 2010, Plaintiff Melanie Wayt and her husband returned to Crothersville and re-occupied the residence at 412 Howard Street, which was still without water service.

15. On July 6, 2010 Plaintiff Melanie Wayt went to the Crothersville town hall, tendered the required $75 security deposit and requested the restoration of her water service.

16. Rather than reconnect her service as required by ordinance, Defendant Sweazy informed her that Defendant Crothersville had transferred her account to Defendant Plaster, the record owner of the property.

17. Defendant Sweazy further informed Plaintiff Melanie Wayt that Defendant Crothersville would not restore water service to Plaintiffs' residence unless and until Defendant Plaster or his attorney authorized reconnection.

18. Defendant Sweazy also informed Plaintiff Melanie Wayt that Defendant Plaster had instructed her that he did not wish any water to be supplied to the Wayts' residence.

19. On July 8, 2010, Melanie Wayt returned to Defendant Sweazy's office and again requested the restoration of her water service, tendering the real estate contract as proof of her interest in the property.

20. Defendant Sweazy refused to review the contract, and reiterated what she had said earlier about the need to obtain Defendant Plaster's consent before Defendant Crothersville would reconnect the water.

21. During the various events described above, Plaintiffs were in arrears on their obligations to Defendant Plaster under the land contract covering their residence at 412 West Howard Street.

## GENERAL ALLEGATIONS

22. At all relevant times, all Defendants acted under color of state law.

23. At all relevant times, the conduct of Defendants Crothersville and Sweazy followed the official policy and/or custom of Defendant Town of Crothersville.

24. Defendant Sweazy is being sued in her individual capacity to the extent her conduct failed to conform to the policy of the Defendant Town of Crothersville.

25. Defendant Plaster acted in concert with Defendant Crothersville and with Defendant Sweazy to deprive Plaintiffs of their right to have water supplied to their home.

26. Defendants Crothersville and Sweazy knew or should have known that terminating water service to the Wayts' home without a hearing constituted a deprivation of the Wayts' property rights without due process of law in violation of the Fourteenth Amendment.

27. Defendants Crothersville, Sweazy and Plaster knew or should have known that their actions in refusing to restore water service to the Wayts' home constituted a deprivation of the Wayts' property rights without due process of law, and constituted a deprivation of the equal protection of the laws, in violation of the Fourteenth Amendment.

28. Plaintiffs have no adequate remedy under state law, since a post-deprivation remedy would be inadequate in these circumstances.

## CLASS ALLEGATIONS

29. Plaintiff Melanie Wayt seeks to represent a class consisting of all persons whose water service was terminated by Defendant Crothersville without a hearing on or after a date which is two years before the filing of this lawsuit.

30. The class is sufficient large so that joinder of all members is impractical.

31. There are questions of law and fact common to the class because the conduct of Defendant Crothersville violated the federal rights of the Class Representative and all Class Members in a similar manner.

32. Common questions of fact include (a) whether Defendant Crothersville accorded a hearing to class members before terminating their water service; and (b) whether Defendant Crothersville gave sufficient notice of such a hearing so that class members could prepare a defense against the threatened termination.

33. Common questions of law include whether the termination of water service without a hearing violates the rights of class members under the Fourteenth Amendment.

34. Plaintiff Melanie Wayt will fairly and adequately represent the class since her claims are typical of the claims of the class.

35. Plaintiff Melanie Wayt has retained competent counsel who will vigorously pursue this action.

36. The prosecution of separate actions by individual members of the class would create risk of inconsistent or varying adjudications, which in turn would establish conflicting standards of conduct for Defendant Crothersville.

37. Questions of law and fact common to the members of each class predominate over questions which apply only to individual members, since the conduct of Defendant Crothersville is evidenced by uniform documentation which leaves no room for individual determinations of fact or law.

## FIRST CAUSE OF ACTION

**(Fourteenth Amendment Due Process; Class Claim of Plaintiff Melanie Wayt Against Class Defendants Town of Crothersville, Crothersville Utilities, and Crothersville Water Department)**

38. Plaintiff Melanie Wayt reasserts and realleges each and every allegation set forth above as if fully rewritten herein.

39. The Class Defendants caused the above-described termination of water service without a hearing while acting under color of state law.

40. This conduct of the Class Defendants deprived Plaintiff Melanie Wayt and the class of rights guaranteed by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

41. As a direct and proximate result of this conduct, Plaintiff Melanie Wayt and the class suffered actual damage.

## SECOND CAUSE OF ACTION

### (Fourteenth Amendment Due Process; Individual Claim of Plaintiff Melanie Wayt Against Defendant Sweazy)

42. Plaintiff Melanie Wayt reasserts and realleges each and every allegation set forth above as if fully rewritten herein.

43. Defendant Sweazy, acting individually, caused the above-described termination of water service without a hearing while acting under color of state law.

44. This conduct of Defendant Sweazy deprived Plaintiff Melanie Wayt and the class of rights guaranteed by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

45. As a direct and proximate result of this conduct, Plaintiff Melanie Wayt suffered actual damage.

## THIRD CAUSE OF ACTION

### (Fourteenth Amendment Due Process and Equal Protection; Individual Claim of Plaintiffs Against All Defendants)

46. Plaintiffs reassert and reallege each and every allegation set forth above as if fully rewritten herein.

47. Defendants, acting jointly, acting with a single purpose and having a meeting of the minds concerning that purpose, wrongfully refused Plaintiffs water service at their residence while acting under color of state law.

48. Defendants' conduct deprived Plaintiffs of their due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

49. As a direct and proximate result of this conduct, Plaintiff Melanie Wayt and the class suffered actual damage.

## FOURTH CAUSE OF ACTION

**(Indiana Common Law; Individual Claim of Plaintiffs Against All Defendants for Interference With the Use and Possession of Their Property)**

50. Plaintiffs reassert and reallege each and every allegation set forth above as if fully rewritten herein.

51. At all relevant times, Plaintiffs had a possessory interest in the property at 412 West Howard Street, pursuant to a contract with Defendant Plaster.

52. In acting jointly to prevent Plaintiffs from securing water service at that property, which they were entitled to by law, Defendants wrongfully interfered with Plaintiffs' use, enjoyment and possession of that property.

53. As a direct and proximate result of this conduct, Plaintiffs suffered actual damage.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs request the following relief:

    a)     A determination that a class should be certified under Count I

    b)     Compensatory damages for class members and for Plaintiffs in an amount to be determined at trial;

    c)     Punitive damages in the amount of $1,250,000;

    d)     The costs of this action, including a reasonable attorney fee pursuant to 42 U.S.C. § 1988 and any other applicable statute or decision;

    e)     An injunction requiring Defendants to restore Plaintiffs' water service; and,

      f)    Such further relief at law or in equity as this Court deems proper.

Respectfully submitted by:

*/s/ Steven C. Shane*
Steven C. Shane (Ohio Bar 0041124)
Trial Attorney for Plaintiffs
P.O. Box 73067
Bellevue, Ky 41073
(859) 431-7800
(859) 431-3100 facsimile
shanelaw@fuse.net

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demands a jury trial on all issues so triable.

*/s/ Steven C. Shane*
Steven C. Shane (0041124)
Trial Attorney for Plaintiffs