UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| **MELANIE & WALTER WAYT,** ::<br>on behalf of themselves and all similarly<br>situated persons, :: | | Case No. 4:10cv081 SEB/WGH |
| Plaintiffs, :: | | Judge Sara Evans Barker |
| vs. :: | | Mag. Judge William Hussmann |
| **TOWN OF CROTHERSVILLE, et. al**:: | | |
| Defendants. :: | | |

**MEMORANDUM OF LAW IN SUPPORT OF CLASS SETTLEMENT**

Named Plaintiffs, Melanie and Walter Wayt, in their individual and representative capacities and Defendants, Town of Crothersville, Crothersville Utilities and Crothersville Water Department, having submitted their Joint Motion for Preliminary Approval of Settlement and Class Notice, hereby jointly submit this Memorandum of Law in Support of their Motion.  In their Motion, the Parties jointly request  the Court conditionally approve a proposed class settlement agreement as fair and reasonable pursuant to F.R.Civ.P 23 along with the attached class notice (**Exhibit "B"**).  The Parties jointly request the Court enter the attached proposed order (**Exhibit "C"**) conditionally approving the settlement  which also establishes certain dates for the mailing of notice to the class and the procedure and timing for filing of objections, if any, to the settlement or requests for exclusion by members of the class.  Additionally, the Parties have attached hereto their Agreed-to Class Action Settlement Agreement (**Exhibit** 1) and the roster of potential Class Members (**Exhibit "A"**).  In further support of such motion, the parties respectfully assert as follows.

I.      **NATURE OF THE LITIGATION**

Named Plaintiffs filed suit claiming that Defendants violated the Due Process provision of the 14th Amendment to the Constitution of the United States. Specifically, Named Plaintiffs alleged Defendants violated the Due Process rights of customers by failing to provide proper notice of the right to dispute disconnection and to request a hearing prior to the termination of their water service. Defendants answered and denied liability. The parties filed cross motions for summary judgment. On March 30, 2012 this Court granted summary judgment in favor of the Plaintiffs with regard to their Due Process claim [Doc. 63]. In the interest of avoiding further costly and time-consuming litigation and after extensive discovery and arms-length negotiation, the parties have agreed to a settlement. Defendants, along with other discovery, have provided class counsel with a list of 138 class members totaling 292 shutoffs ( **Exhibit "A"** – Class Roster defined as a list of the names of each class member along with each corresponding shutoff applicable to that class member -- hereinafter the "Class Roster"].

## II.     NATURE OF SETTLEMENT

The parties have agreed in principle to a settlement of the Due Process Class Claim on a class-wide basis. The essential terms of the settlement are set out in the Class Action Settlement Agreement attached hereto and are as follows:

Defendants have agreed to create a settlement fund of $14,600 from which they will pay 138 class members $50 for each unlawful turn off;

For any class member who either cannot be located, whose notice is returned either unclaimed or undeliverable, who elects to be excluded from the settlement or who does not negotiate his or her payment within 90 days of receipt thereof, any such payment shall be designated "unclaimed or remainder funds" to be distributed as a cy pres gift to Legal Aid District 11, Inc., Columbus, Indiana.

Defendants have agreed to pay the costs and expenses of this action, including class administration.

Defendants shall pay to Class Counsel $43,500.00 for all fees and expenses incurred by Class Counsel in the prosecution of the this Action through April 9,

2012 consisting of $42,500.00 in attorney's fees and $1,000.00 in expenses which Defendants further stipulate to be fair and reasonable. For all time spent after April 9, 2012, the parties will attempt to either negotiate or, if they cannot agree on an amount, Class Counsel will submit a formal fee application to the Court.

The Parties to the proposed Class Action Settlement and their Counsel submit to the Court the settlement is fair, reasonable and adequate in light of the relevant facts, the applicable law and the potential value of the settlement to the Class. Additionally, the parties to the proposed Class Action Settlement and their Counsel assert the settlement provides substantial benefits to the Class.

### III.  CLASS NOTICE AND ADMINISTRATION

The notice to be sent to each individual class member is attached as **Exhibit "B"** to **Exhibit 1,** the Class Settlement Agreement.. The Parties assert **Exhibit "B"** is sufficient to inform the class of: a) the formation of the class; (b) the class definition; (c) the terms of the proposed settlement; (d) the proposed award of attorney's fees and expenses to counsel; (e) a class members' right to opt out of the class and thereby not participate in the proposed settlement; (f) a class members' right to object to the proposed settlement; (g) the time and date of the Final Approval Hearing; and, (h) a class members' right to appear at the Final Approval Hearing in favor of, or in opposition to, the proposed settlement. Defendants have further agreed to publish the Notice once in the Louisville Courier Journal or other publication as Ordered by the Court. This is a newspaper widely circulated in the area in which the class members are likely to reside. The Notice provides class members with sufficient information to make an intelligent decision as to whether to remain in or opt out of the class.  Defendants' counsel has agreed to pay the costs and expenses incurred in connection with the administration of the settlement, including but not limited to, the costs of printing and mailing notices to the class, all fees and costs incurred in the administration of the settlement and the issuing and mailing of checks to class members as well as all other costs of administering the settlement fund.

### IV.   THE SETTLEMENT ADEQUATELY SATISFIES THE REQUIREMENTS FOR PRELIMINARY APPROVAL.

When a proposed class-wide settlement is reached, it must be submitted to the court for approval. 2 H. Newberg & A. Conte, *Newberg on Class Actions* (3d ed. 1992) at §11.41, p.11-87. Preliminary approval is the first of three steps that comprise the approval procedure for settlement of a class action. The second step is the dissemination of notice of the settlement to all class members. The third step is a settlement approval hearing. *See, Manual for Complex Litigation Third*, §30.41 (2000).

The issue presented on a motion for preliminary approval of a proposed class action settlement is whether the proposed settlement is "within the range of possible approval." *Manual for Complex Litigation*, §30.41 at 273. Preliminary approval is merely the prerequisite to giving notice so that the class may be "given the opportunity to address the court as to the reasons the proposed settlement is unfair or inadequate." *In re Plastic Cutlery Antitrust Litigation*, 1998 WL 314655 (E.D. Pa. 1998). There is an initial presumption of fairness when a proposed settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval. *Newberg*, §11.41, p. 11-88. However, the ultimate question of whether the proposed settlement is fair, reasonable and adequate is made after notice of the settlement is given to the class members and the court holds a settlement hearing.

The approval of a proposed settlement of a class action suit is a matter within the broad discretion of the trial court. *Class Plaintiffs v. City of Seattle*, 19 F.3d 1291 (9th Cir. 1994). Preliminary approval does not require the trial court to answer the ultimate question of whether a proposed settlement is fair, reasonable, and adequate. That determination is made only after notice of the settlement has been given to the members of the class and after they have been given an opportunity to voice their views of the settlement or be excluded [exclude themselves?] from the class. *See, e.g.,* 3B J. Moore, *Moore's Federal Practice* ¶ 23.80[2-1], at 23-479 (2d ed. 1993).

In considering a potential settlement for preliminary approval purposes, the trial court does not have to reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute, *Detroit v. Grinnell Corp.,* 495 F.2d 448,

456 (2d Cir. 1974), and need not engage in a trial on the merits, *Officers for Justice v. Civil Serv. Comm'n*, 689 F.2d 615 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983).

The question of whether a proposed settlement is fair, reasonable and adequate necessarily requires a judgment and evaluation by the attorneys for the parties based upon a comparison of "the term of the compromise with the likely rewards of litigation." *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982). (quoting *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)). Therefore, many courts recognize that the opinion of experienced counsel supporting the settlement is entitled to considerable weight. *Kerkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988); *Fisher Bros. v. Cambridge-Lee Indus. Inc.*, 630 F. Supp. 482, 489 (E.D. Pa. 1985).

In determining whether a class action should be finally ? approved, the threshold inquiry is whether the proposed settlement is fair, adequate and reasonable. *Collier v. Montgomery County Housing Authority*, 192 F.R.D. 176 (E.D. Pa. 2000). To determine this, the court looks at the following factors to determine if the proposed settlement is substantively reasonable:

- the complexity, expense, and likely duration of the litigation;
- the reaction of the class to the settlement;
- the stage of the proceedings and the amount of discovery completed;
- the risks of establishing liability;
- the risks of establishing damages;
- the risks of maintaining the class action through the trial;
- the ability of the defendant to withstand a greater settlement;
- the range of reasonableness of the settlement fund in light of the best possible recovery; and
- the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).  In addition to being substantively reasonable in relation to the risks and likely rewards of litigation, the proposed settlement must be "the result of good faith, arms length negotiations." *Fisher Bros. v. Cambridge-Lee Indus., Inc.*, 630 F. Supp. 482, 487 (E.D. Pa. 1985) quoting Collier. *at* 192 F.R.D. at 176:

> If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement.

 A finding that these factors are present establishes an initial presumption of fairness. Here, the proposed settlement meets these standards.  The adequacy of the proposed settlement is clearly appreciated when considering the harm to each class member. Also, it is important to keep-in-mind that individual damages continue to be available for any class member who rejects the settlement and wishes to opt-out of it. However, in this case it is readily apparent that the class settlement payment likely approaches any judgment which might arise from individual litigation.

In conclusion,  the Settling Parties and all counsel involved in this case recognize the expense in continuing to litigate this case and have further have taken into account the uncertain outcome and risk of further litigation, especially in complex actions such as this. All parties and their counsel believe that the settlement set forth in the Agreement confers substantial immediate benefits. In negotiating the settlement, counsel had the benefit of both formal and informal discovery in order to weigh the risk of litigation against the benefits and certainty that the settlement provides.  Counsel also engaged in substantial independent fact investigation regarding Defendants' practices. Based upon their evaluation, Named Plaintiffs and their counsel have determined that the settlement is in the best interest of the Class. Clearly, the goal of class action litigation which is to promote efficiency is a goal

which has been realized through this settlement. The stage of the proceedings at which this settlement was reached militates in favor of preliminary approval and, ultimately, final approval of the settlement.

At the Final Approval Hearing, the parties anticipate presenting a final judgment giving effect to the Agreement and dismissing without prejudice all claims of any purported class members who have been properly excluded by the class. Upon confirmation of the settlement at the Final Approval Hearing and performance by Defendants of all their obligations under the Agreement, Defendants will be fully, finally, and completely released of all liability to the Class except for those liabilities created by the Agreement.

WHEREFORE, the parties jointly move this Court to grant the relief as set forth in the attached conditional order.

| | |
|---|---|
| */s/Steven C. Shane* | */s/Stephen R. Felson* |
| Steven C. Shane (0041124) | Stephen R. Felson (0038432) |
| Ohio Bar No. | Ohio Bar. No. |
| Trial Attorney for Class | Trial Attorney for Class |
| P.O. Box 73067 | 215 E. 9th St., Suite 650 |
| Bellevue, KY 41073 | Cincinnati, Ohio 45202 |
| (859) 431-7800 | (513) 721-4900 |
| (859) 431-7800 facsimile | (513) 639-7011 facsimile |
| shanelaw@fuse.net | stevef8953@aol.com |
| Counsel for the Class | Counsel for the Class |

*/s/ R. Jeffrey Lowe*
R. Jeffrey Lowe
620 Blackiston Blvd., Suite 200
New Albany, IN 47150
(812) 949-2300
(812) 949-8556 (fax)
jlowe@k-glaw.com
COUNSEL FOR CROTHERSVILLE DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2012, a copy of the foregoing Motion for Preliminary Approval of Settlement and Notice to the Class was filed electronically.

Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and/or U.S. Mail. Parties may access this filing through the Court's system.

    Steven C. Shane
    Attorney at Law
    P. O. Box 73067
    Bellevue, KY 41073
    Trial Attorney for Class
    shanelaw@fuse.net

    Stephen R. Felson
    215 E. 9th Street, Ste. 650
    Cincinnati, OH 45202
    Trial Attorney for Class
    Stevef8953@aol.com


    R. Jeffrey Lowe
    3620 Blackiston Blvd., Suite 200
    New Albany, IN  47150
    jlowe@k-glaw.com
    COUNSEL FOR CROTHERSVILLE DEFENDANTS


                                                s/R. Jeffrey Lowe_____
                                               R. Jeffrey Lowe